CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 29 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HECTOR MOREL,<br>    Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:12-cv-00210 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| U.S. PAROLE COMMISSION,<br>    Respondent. | ) <br> ) | By:  Hon. Jackson L. Kiser<br>      Senior United States District Judge |

Hector Morel, a federal prisoner proceeding pro se, filed a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651(a) with jurisdiction vested in 28 U.S.C. § 1361. Petitioner requests a writ of mandamus to compel the United States Parole Commission to adjudicate his direct appeal of an adverse parole decision, pursuant to 28 C.F.R. § 2.27, and to provide free transcripts and records of five parole hearings, pursuant to 28 U.S.C. § 753 and § 2112. Petitioner allegedly received notice in January 2012 of a parole Notice of Action issued on November 3, 2004, and he used Appeal Form I-22 to appeal that decision on February 1, 2012.[1] Petitioner has not received a ruling on his appeal by May 7, 2012, when he instituted this action. Petitioner argues that the three-month "delay" constitutes prejudice and violates due process guaranteed by the Fifth Amendment to the United States Constitution. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A.

Mandamus is a drastic remedy and should only be used in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Thus, mandamus relief is available only when a petitioner has a clear, undisputable right to the relief sought and has no other adequate means to attain the desired relief. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); In re First Fed. Sav. & Loan Ass'n, 860

---

[1] Petitioner does not explain the contents of the Notice of Action, but Appeal Form I-22 is used to appeal the revocation of parole.

F.2d 135, 138 (4th Cir. 1988). A petitioner must also establish that the responding party has a clear duty to do the specific act requested; the act requested is an official act or duty; and the issuance of the writ will further justice. United States ex rel. Rahman v. Oncology Assocs., P.C., 201 F.3d 277, 286 (4th Cir. 1999).

Petitioner fails to establish that he has a clear, undisputable right to free transcripts of parole proceedings or to compel the Parole Commission to adjudicate his appeal. Section 753 authorizes United States District Courts to appoint court reporters for judicial business, and section 2112 concerns venue for federal courts. Neither provision relates to transcripts or records of parole hearings. Petitioner acknowledges that he appealed the November 3, 2004, Notice of Action in February 2012, but petitioner was required to file an appeal within thirty days of a Notice of Action.[2] 28 C.F.R. § 2.26(a)(2) (2004). "If no appeal is filed within thirty days of the date of entry of the original decision, such decision shall stand as the final decision of the [Parole] Commission." Id. § 2.26(d) (2004). Petitioner admittedly did not file an appeal within the thirty day period. Accordingly, petitioner fails to establish a clear, undisputable right to appellate review, and I dismiss the action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 29th day of May, 2012.

Senior United States District Judge

---

[2] Petitioner alleges that he only became aware of the November 3, 2004, Notice of Action from a "defense deputy attorney" on January 3, 2012.

2